## IN THE U.S. DISTRICT COURT
## DISTRICT OF KANSAS

CLARENCE VANFLEET,

      Plaintiff,

v.

      Case No.:  12-cv-2111 JTM/DJW

MEDIA COLLECTIONS, INC. D/B/A
JOSEPH, MANN & CREED,

      Defendants.

## COMPLAINT

Plaintiff Clarence VanFleet, by undersigned counsel, for his Complaint against the

Defendant Media Collections, Inc. d/b/a Joseph, Mann & Creed, alleges as follows:

## I.

### Jurisdiction.

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 15

U.S.C. § 1692k(d), the Fair Debt Collection Practices Act ("FDCPA").

2.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because it is the

judicial district in which Plaintiff resides and where a substantial part of the events giving rise to

the claim occurred.

## II.

### Parties.

3.      Plaintiff Clarence VanFleet is a natural person and a resident of the State of

Kansas, residing in Rose Hill, Butler County, Kansas 67133-8576.

4.      Non-party The Wichita Eagle and Beacon Publishing ("Beacon") is a Kansas for-profit corporation with its principal place of business in Wichita, Sedgwick County, Kansas.

5.      Defendant Media Collections, Inc. d/b/a Joseph, Mann & Creed ("JMC") is an Ohio for-profit corporation with its principal place of business located at 20600 Chagrin Blvd., Ste. 550, Shaker Heights, Ohio 44122-5340.

5.1      Upon information and belief, Defendant JMC is a collection agency which regularly collects consumer debts from consumers in the State of Kansas, as the terms collection agency, consumer debt, and consumer are used in the FDCPA.

## III.

### Allegations Common to All Counts.

6.      In or about November 2011, Plaintiff contracted with Beacon for a daily subscription to The Wichita Eagle newspaper to last for one (1) year, or until approximately November 2012.

6.1      On November 3, 2011, Plaintiff made payment to Beacon in the amount of $130.00 as payment in full for the subscription contract described herein.

7.      Following the $130 payment, Plaintiff was assured by Beacon on at least two (2) occasions that Plaintiff's account was paid in full for one (1) year, or until approximately November 2012.

2

8.     Despite these assurances, at some unknown time, Beacon retained JMC for collection of a phantom debt from Plaintiff.  Plaintiff disputes this debt.

9.     In an attempt to collect the disputed debt on behalf of Beacon, JMC contacted Plaintiff in writing on December 12, 2011.  The writing is attached hereto as Exhibit A.

10.     In response to JMC's December 12, 2011 communication, Plaintiff, through counsel, disputed this debt in writing on January 4, 2012, attached hereto as Exhibit B. Plaintiff's counsel notified JMC that Plaintiff was represented by counsel and, therefore, JMC was to cease further direct communication with the Plaintiff.  Plaintiff's counsel also requested verification of the debt.  To date, JMC has not provided verification of the debt.

10.1     Exhibit B was delivered to JMC by facsimile on January 4, 2012.

11.     On January 9, 2012, without first providing verification of the debt, JMC again attempted to collect the disputed debt by contacting Plaintiff directly in writing and not through counsel.  The writing is attached hereto as Exhibit C.

12.     To date, JMC has never provided verification of the debt as requested by Plaintiff, and as required by law.

13.     Without verification of the debt, Plaintiff is precluded from determining whether the disputed debt is valid.

## IV.

### Count I – Violation of the Fair Debt Collection Practices Act

14.     Plaintiff incorporates the allegations and averments set forth in ¶¶ 1-13 of this Complaint as if fully set forth herein.

15.     At all times relevant, there was in effect 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

16.     Defendant JMC is a "debt collector" within the meaning of the FDCPA.

17.     Plaintiff is a "consumer" within the meaning of the FDCPA.

18.     The disputed debt is a "debt" within the meaning of the FDCPA.

19.     In connection with JMC's attempted collection of the disputed debt on behalf of Beacon, Defendant JMC violated the FDCPA in one or more of the following respects:

19.1     By communicating directly with the Plaintiff after JMC was notified in writing that Plaintiff was represented by counsel, JMC failed to cease further communication with the Plaintiff as required by 15 U.S.C. §§ 1692c(a)(2), 1692c(c) and 1692d;

19.2     By failing to cease collection of the debt until JMC obtained verification of the debt after the Plaintiff notified JMC in a timely manner that the debt was disputed, JMC violated 15 U.S.C. § 1692g(b); and

19.3    By attempting to collect a debt without first providing verification of the debt as requested by the Plaintiff, JMC violated 15 U.S.C. § 1692g.

20.    Plaintiff has incurred damages as a result of JMC's acts and omissions as set forth herein.

21.    For the acts and omissions of JMC as set forth herein, Plaintiff is entitled to relief as more fully set forth below.

## V.

### Relief Requested

WHEREFORE, these premises considered, Plaintiff prays this Court enter judgment in his favor and against the Defendant as follows:

A.    Pursuant to 15 U.S.C. § 1692k(a)(1), Plaintiff's actual damages in an amount to be determined at trial;

B.    Pursuant to 15 U.S.C. § 1692k(a)(2)(a), additional damages in the amount of $1,000.00;

C.    Pursuant to 15 U.S.C. § 1692k(a)(3), attorney's fees and court costs in an amount to be determined by the Court;

D.    Pursuant to 28 U.S.C. § 2201 and 15 U.S.C. § 1692, *et seq.* for declaratory judgment that the Defendants' acts and omissions as set forth herein are in violation of the FDCPA;

E.      For the entry of an order compelling Defendant to notify Experian, Equifax, and TransUnion credit bureaus that the alleged debt is false, or disputed, or both; and

F.      For such other and further relief to which the Plaintiff may show himself entitled.

## VI.

## Demand for Jury Trial.

Plaintiff demands a jury trial for all issues so triable.

## VII.

## Designation of Place of Trial.

Plaintiff demands and designates Kansas City, Kansas as the place of trial in the above-captioned matter.

Respectfully submitted,

**Case & Roberts P.C.**

Kevin D. Case, MO 41491; KS 14570
Randi L. Helms, MO 60523; KS 78174
Ryan S. VanFleet, MO 64210; Kansas USDC 78316
Two Pershing Square
2300 Main Street, Suite 900
Kansas City, MO  64108
Tel:  (816) 448-3707
Fax:  (816) 448-3779
kevin.case@caseroberts.com
randi.helms@caseroberts.com
ryan.vanfleet@caseroberts.com
Attorneys for Plaintiff

6